In the Matter of Acquiring Title, etc., EIGHTEENTH AVENUE between Forty-seventh and Forty-eighth Streets, Brooklyn, etc.

Supreme Court, Kings County, October, 1923.

**Eminent domain — city of New York — costs — court has power to review audit made by comptroller.**

Where in a proceeding by the city of New York to acquire title to lands for school purposes the claims for compensation of the city's expert witnesses for services rendered were examined and audited by the comptroller under section 1438 of the city charter at about one-half of the amount claimed in each instance, and the corporation counsel includes the same in his bill of costs, the court upon motion for taxation of costs has authority to review the audit as made by the comptroller.

The court being of opinion that upon the proofs submitted by said witnesses the services rendered by each of them were reasonably worth the amount claimed therefor, an order will be granted taxing the bill of costs as submitted except as to the items for the expense of said witnesses and they will be taxed at the amounts allowed by the court.

PROCEEDING for taxation of costs.

*Bruce R. Duncan,* for Charles Partridge.

*John H. McCooey, Jr.,* for Joseph F. Curren.

*George P. Nicholson,* corporation counsel, for City of New York.

HAGARTY, J.  In the matter of acquiring title by the city of New York to lands selected as a site for school purposes, according to law, the corporation counsel moves for an order taxing the costs, charges and expenses, as certified and audited by the comptroller.  One of the city's experts, Joseph F. Curren, submitted a bill for $1,250 for services rendered.  This claim was audited, examined and allowed by the comptroller to the extent of the sum of $550, as a just and reasonable charge, and the corporation counsel includes it in his bill of costs at that figure.  Another of the city's experts, Charles Partridge, submitted a bill for $1,205 for services rendered.  This was audited, examined and allowed to the extent of the sum of $670 as a just and reasonable charge, and is included in the bill of costs at that figure.  Upon the return of the notice of motion, these witnesses objected to the bill of costs and expenses sought to be taxed, on the ground that the allowance to them was inadequate.  The court directed the taking of testimony as to the fair and reasonable value of the services rendered by these witnesses.  The comptroller objected upon the ground that the court has no jurisdiction to question, in this proceeding, his audit of the experts' bills for the reason that the bill of costs, as

presented, conforms to the statute, is *prima facie* evidence of the sufficiency of the allowance, and that the items as specified are properly taxable. It is provided by the charter of the city of New York (§ 1438) that " all costs, fees, expenses or disbursements to be taxed shall be stated in detail in the bill of costs and shall be accompanied by such proof of the reasonableness and necessity thereof as is now required by law and the practice of the court upon taxation of costs and disbursements in other special proceedings or actions in said court. Proof by affidavit shall also be given of the dates of rendering services, and in the case of commissioners and clerks receiving a *per diem* allowance, the number of hours and parts of an hour necessarily occupied upon each date. No such claim for compensation shall be taxed, allowed or paid unless it be accompanied by a certificate of the comptroller of the city of New York setting forth that the same has been audited and examined, and further certifying the result of such audit and examination." The sole question is whether or not, in this proceeding for the taxation of costs, the court has authority to review the costs and expenses as examined and audited by the comptroller. If the court has no such power, the taxation of costs before it is an idle ceremony, and the court becomes a mere clerk to the board or officer examining and auditing the items of expense. In my opinion, this was not the intention of the legislature in enacting the section of the charter quoted. The examination and audit of the expenses sought to be taxed are merely *prima facie* evidence that they are correct. The court has power to review the action of the board or officer authorized to examine and audit the accounts. It has been held that " to audit is to hear, to examine an account, and in its broader sense it includes its adjustment or allowance, disallowance or rejection." *People ex rel. McCabe* v. *Matthies*, 179 N. Y. 242; *People ex rel. Myers* v. *Barnes*, 114 id. 317; *People ex rel. Brown* v. *Board of Apportionment & Audit*, 52 id. 224. In these cases it was held that an audit is a *quasi*-judicial determination and that the claim is reviewable by certiorari as distinct from mandamus. The audit is, therefore, reviewable. In this case the court, upon the taxation of costs, has power to review the determination of the officer authorized to examine and audit. The expert witnesses, in this proceeding, have adopted the proper remedy, and they are not to be relegated to certiorari proceedings or to a common-law action. While it may be assumed that the return of the comptroller is *prima facie* evidence, the expert witnesses have overcome this presumption by proof. No evidence was offered by the city to controvert the testimony submitted upon the hearing. The witness Curren was allowed $550 and has sub-

mitted proof that his services were reasonably worth $1,250. In my opinion he is entitled to the amount claimed. The witness Partridge was allowed $670 by the comptroller and has submitted proof that his services were reasonably worth the sum of $1,205. I am of the opinion that he is entitled to the amount asked. Let an order be entered taxing the bill of costs and expenses as submitted, with the exception of the expenses of the expert witnesses. These items are to be taxed at the amounts herein allowed.

Ordered accordingly.